IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MARK C. and C.C.,<br><br>               Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and the KOHLER CO. GROUP HEALTH PLANS,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [12] DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION**<br><br>Case No. 2:20-cv-00012-DBB<br><br>District Judge David Barlow |

Plaintiffs allege that Defendants improperly denied benefits for mental health treatment under an employee welfare benefits plan. Plaintiffs seeks recovery of the costs of those services under the Employee Retirement Income Security Act of 1974 (ERISA) and the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (Parity Act).[1] Before the court is United Healthcare Insurance Company and the Kohler Co. Group Health Plan's Motion to Dismiss Plaintiffs' Second Cause of Action[2] (Motion). Plaintiffs have failed to allege a plausible second cause of action for violation of the Parity Act. The court grants the Motion and dismisses Plaintiffs' Parity Act cause of action without prejudice.

---

[1] *See* Complaint, ECF No. 2, filed January 8, 2020.

[2] United Healthcare Insurance Company and the Kohler Co. Group Health Plan's Motion to Dismiss Plaintiffs' Second Cause of Action (Motion), ECF No. 12, filed April 3, 2020.

Defendants request that the court take judicial notice of the Plan and the complaint filed in another matter.[3] The court denies this request because the Plan and the other matter's complaint are unnecessary for the court to rule on the Motion.

## BACKGROUND

Defendants are United Healthcare Insurance Company and the Kohler Co. Group Health Plan (Plan).[4] Plaintiffs are Mark C. and his son, C.C.[5] Mark C. was and continues to be a Plan participant, and C.C. was and continues to be a Plan beneficiary.[6] The Plan is a self-funded employee welfare benefits plan subject to ERISA.[7]

C.C. received medical care and treatment at Triumph, a residential treatment facility, from April 6, 2018 to December 19, 2018.[8] Triumph provides sub-acute, inpatient treatment to adolescents with mental health, behavioral, or substance abuse issues.[9]

United denied coverage for C.C.'s treatment from April 27, 2018 forward based on the "progress" that C.C. had made and the claim reviewer's conclusion "that [C.C.'s] condition no longer me[t] guidelines for coverage of treatment in th[e] setting."[10] Mark C. submitted a Level One appeal of this denial.[11] In his Level One appeal, Mark C. asserted that United evaluated

---

[3] *See* Defendants United Healthcare Insurance Company and the Kohler Co. Group Health Plans' Request for Judical Notice in Support of Their Motion to Dismiss Plaintiffs' Second Cause of Action, ECF No. 12-1, filed April 3, 2020.

[4] Complaint at 1.

[5] *Id.*

[6] *Id.* at ¶ 3.

[7] *Id.*; 29 U.S.C. § 1001 *et seq.*

[8] Complaint at ¶ 4.

[9] *Id.*

[10] *Id.* at ¶ 22.

[11] *Id.* at ¶ 23.

C.C.'s treatment under the incorrect criteria, noting that United's rationales "more appropriately reflected the criteria for acute inpatient care," and he requested a copy of the Plan documents.[12] United upheld its denial of Plaintiffs' claim.[13] Mark C. submitted a Level Two appeal[14] and another request for a copy of the Plan documents.[15] United again upheld its denial of Plaintiffs' claim.[16] Mark C. subsequently requested an external review of the denial[17] contending that United continued to evaluate C.C.'s treatment pursuant to the Plan's acute requirements rather than the Plan's sub-acute requirements.[18] He again requested a copy of the Plan documents.[19] The external review agency upheld United's denial of Plaintiffs' claim.[20] United did not provide Mark C. with a copy of the requested Plan documents.[21] As a result of United's denial of Plaintiffs' claim, Plaintiffs filed this lawsuit.[22]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[23] Each cause of action must be supported by enough sufficient, well-pleaded facts to be

---

[12] *Id.* at ¶¶ 23–25, 30.

[13] *Id.* at ¶ 31.

[14] Complaint at ¶ 32.

[15] *Id.* at ¶ 37.

[16] *Id.* at ¶ 38.

[17] *Id.* at ¶ 39.

[18] *Id.* at ¶ 40.

[19] *Id.* at ¶ 44.

[20] Complaint at ¶ 45.

[21] *Id.* at ¶ 48.

[22] *See generally id.*

[23] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

plausible on its face.[24] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[25] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law are disregarded.[26]

## DISCUSSION

United requests that the court dismiss Plaintiffs' second cause of action alleging violation of the Parity Act. United argues that Plaintiffs' Parity Act claim is a "re-packaged claim for recovery of benefits" under ERISA.[27] United also argues that Plaintiffs have failed to allege a cause of action for violation of the Parity Act because Plaintiffs have not provided factual support for covered, analogous medical or surgical services and have not provided factual support for any disparity between medical or surgical services and mental health treatment.[28] The court dismisses Plaintiffs' Parity Act claim for the failure to provide factual support and accordingly does not address United's argument that Plaintiffs' Parity Act claim is duplicative of their ERISA claim pursuant to 29 U.S.C. § 1132(a)(1)(B).

### A. Plaintiffs Have Not Alleged a Plausible Parity Act Claim.

The Parity Act requires that "treatment limitations applicable to . . . mental health or substance use disorder benefits" are "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or

---

[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[25] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[27] Motion at 6–11.

[28] *Id.* at 11–16.

4

coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits."[29]

To assert a successful Parity Act claim, a plaintiff must establish that a benefits plan, on its face, discriminates against mental health treatment or coverage, or show that "the plan is discriminatory in application."[30] Here, Plaintiffs assert an as-applied claim that is not based on the terms of the benefits plan but rather on the application of the benefits plan.[31] A plaintiff asserting an as-applied claim must do more than state conceptually that the mental health services were treated worse than other services. Although extensive, specific facts are not required, a plaintiff must allege at least "some facts" showing that disparate treatment occurred.[32] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[33]

In this case, Plaintiffs allege that "the Plan's medical necessity criteria for intermediate level mental health treatment benefits are more stringent or restrictive than the medical necessity criteria the Plan applies to intermediate level medical or surgical benefits."[34] Plaintiffs further

---

[29] 29 U.S.C. § 1185a(a)(3)(A)(ii); *see* 29 C.F.R. § 2590.712(c)(2)(i) (prohibiting a group health plan from applying "any financial requirement or treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification").

[30] *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-cv-00435, 2019 WL 3253787, at *3 (D. Utah July 19, 2019); *see also* 29 C.F.R. § 2590.712(c)(4)(i) (prohibiting a health plan from imposing nonquantitative treatment limitations more stringently to mental health and substance use disorder benefits than comparable medical/surgical benefits "under the terms of the plan (or health insurance coverage) as written" or "in operation, any processes, strategies, evidentiary standards, or other factors used in applying the [limitation]").

[31] *See* Complaint at ¶¶ 58–63.

[32] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[33] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[34] Complaint at ¶ 58.

allege that United "use[s] processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification."[35]

United argues that Plaintiffs have not alleged adequate facts identifying a medical or surgical analogue to C.C.'s mental health treatment and have only made conclusory allegations that do not identify the comparable sub-acute inpatient treatment setting.[36] United further argues that Plaintiffs have made only conclusory allegations about any disparity between a medical or surgical analogue and C.C.'s mental health treatment.[37]

Plaintiffs have alleged facts regarding their own experience. But Plaintiffs have made only conclusory allegations about any medical or surgical analogue and the as-applied discrimination involving any analogue. Plaintiffs' allegations include: "the Plan does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan benefits,"[38] and United's denial "process resulted in a disparity because the Plan denied coverage for mental health benefits when the analogous levels of medical or surgical benefits would have been paid."[39] These allegations are conclusory and merely contend that United treats individuals seeking medical or surgical

---

[35] *Id.* at ¶ 64.

[36] Motion at 12–13.

[37] *Id.* at 13–16.

[38] Complaint at ¶ 60.

[39] *Id.* at ¶ 63.

benefits differently than those seeking mental health treatment without providing facts about the alleged disparate treatment.

Plaintiffs' "general assertions" of disparate treatment, "without any details whatsoever" about how United treated comparator medical or surgical claims, are "insufficient to survive a motion to dismiss."[40] Conclusory statements and legal conclusions "couched as a factual allegation" need not be accepted as true in the context of a motion to dismiss and are insufficient to carry a plaintiff's Rule 8 burden.[41] Plaintiffs' factual allegations about United's conduct regarding C.C.'s mental health treatment coverage are necessary but form only part of the required factual pairing of mental health treatment and medical or surgical treatment. These allegations are thus insufficient to state a Parity Act claim. Although Plaintiffs identify coverage for skilled nursing facility treatment, inpatient hospice treatment, and rehabilitation treatment as medical or surgical analogues to coverage for C.C.'s mental health treatment, Plaintiffs supply no supporting facts about these comparator treatments. Without facts about actual, as-applied, coverage for analogous medical or surgical treatment, there can be no comparison and thus no claim. The court requires "plausible grounds to infer" United applied a more restrictive treatment limitation to mental health coverage than it applied to alleged comparable medical or surgical coverage.[42]

---

[40] *See Khalik*, 671 F.3d at 1193.

[41] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *Iqbal*, 556 U.S. at 678–79 (explaining that the relaxed pleading requirements in Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

[42] *See Twombly*, 550 U.S. at 556.

### B. Plaintiffs May Move to Amend their Complaint.

Plaintiffs requested the medical necessity criteria for skilled nursing facilities in their appeals of the denial of benefits for Triumph.[43] United contends that the request should have been directed to the plan administrator, Kohler Co. or its designee.[44] The court does not make a determination about the proper entity from which Plaintiffs should request the Plan documents, but does determine that Plaintiffs may have the opportunity to again request the Plan documents and move to amend their complaint accordingly.

### ORDER

United's motion to dismiss is GRANTED. Plaintiffs' second cause of action is dismissed without prejudice.

Signed January 28, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[43] *Id.* at ¶¶ 30, 37, 44.

[44] Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action at 2, ECF No. 14, filed May 15, 2020.